UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS, | 1: 07 CV 0226 OWW WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER DISMISSING PETITION AS UNAUTHORIZED SECOND OR SUCCESSIVE PETITION |
| v. | |
| L. E. SCRIBNER, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The court has conducted a preliminary review of the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the court hereby finds as follows.

The court finds that Petitioner has previously challenged the same conviction he now seeks to

---

[1] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

challenge in a prior petition for writ of habeas corpus in this court. That petition, <u>Andrews v. Ryan</u>, CV F 04-5957 REC DLB HC, was closed and judgment was entered for Respondent on September 29, 2005. Therefore, the present petition, filed February 1, 2007, is a second or successive petition.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless a certain set of requirements are met. A court of appeals may grant such an order only upon a showing that:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

No such order authorizing a second or successive petition appears in the present case. Without such an order from the United States Court of Appeals for the Ninth Circuit, this court cannot consider the present petition. Therefore, it must be dismissed.

Accordingly, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DISMISSED without prejudice to refiling if Petitioner obtains an order authorizing a second or successive petition from the Ninth Circuit;

2) The Clerk of the Court is DIRECTED to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

**Dated:   May 8, 2007**                             **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE